# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOHN JOEY MARKS,

    Petitioner,

vs.

BRIAN WILLIAMS, *et al.*,

    Respondents.

_____/

2:17-cv-01413-JCM-PAL

**ORDER**

In this habeas corpus action, brought pursuant to 28 U.S.C. § 2254, the Court appointed counsel for the petitioner, John Joey Marks. *See* Order entered June 1, 2017 (ECF No. 3). Counsel -- the Federal Pubic Defender for the District of Nevada -- appeared for Marks on June 21, 2017 (ECF No. 6). The respondents have also appeared (ECF No. 5).

On June 23, 2017, with counsel, Marks filed a first amended petition (ECF No. 7). Marks also filed a motion (ECF No. 10) requesting leave of court to file a second amended habeas petition. Marks' counsel explains that they filed the first amended petition soon after their appointment, to protect against the running of the statute of limitations with respect to certain claims, but they wish to have 120 days to examine the record and determine if other claims exist, and file a second amended petition, before respondents respond. The Court will grant this motion.

On June 23, 2017, Marks also filed a motion (ECF No. 9) requesting a waiver, for purposes of this case, of Local Rule IA 10-3(e), which requires, with respect to the filing of exhibits, that the

cover sheet for each exhibit must include a descriptor of the exhibit. The Court finds that, in this habeas corpus action, in light of the number of exhibits petitioner has filed, there is good cause to waive the requirement that the cover sheet for each exhibit include a descriptor of the exhibit. The Court will grant this motion.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Partially Waive Local Rule IA 10-3(e) (ECF No. 9) is **GRANTED**. For purposes of this habeas corpus action, with respect to exhibits filed by any party, the Court waives the requirement in Local Rule IA 10-3(e) that the cover sheet for each filed exhibit must include a descriptor of the exhibit.

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to File a Second Amended Petition (ECF No. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that the schedule for further proceedings in this action shall be as follows:

Second Amended Petition

Petitioner shall file and serve a second amended petition for writ of habeas corpus within 120 days after entry of this order. The second amended petition shall specifically state whether each ground for relief has been exhausted in state court; for each claim that has been exhausted in state court, the amended petition shall state how, when, and where that occurred.

Response to Second Amended Petition. Respondents shall have 90 days from filing of a second amended petition to file and serve an answer or other response to the second amended petition.

Reply. Petitioner shall have 45 days following service of an answer to file and serve a reply. Respondents shall thereafter have 30 days following service of a reply to file and serve a response to the reply.

Briefing of Motion to Dismiss. If respondents file a motion to dismiss, petitioner shall have 60 days following service of the motion to file and serve a response to the motion. Respondents shall thereafter have 30 days following service of the response to file and serve a reply.

Discovery. If petitioner wishes to move for leave to conduct discovery, petitioner shall file and serve such motion concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for leave to conduct discovery filed by petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents shall file and serve a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply. Thereafter, petitioner shall have 20 days to file and serve a reply in support of the motion for leave to conduct discovery.

Evidentiary Hearing. If petitioner wishes to request an evidentiary hearing, petitioner shall file and serve a motion for an evidentiary hearing concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for an evidentiary hearing filed by petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required, and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If petitioner files a motion for an evidentiary hearing, respondents shall file and serve a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply. Thereafter, petitioner shall have 20 days to file and serve a reply in support of the motion for an evidentiary hearing.

Dated July 3, 2017.

UNITED STATES DISTRICT JUDGE