UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| JOHN JOEY MARKS, | Case No. 2:17-cv-01413-JCM-PAL |
|---|---|
| Petitioner, | ORDER |
| v. | |
| BRIAN WILLIAMS, *et al.*, | |
| Respondents. | |

This action is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by John Joey Marks, a Nevada prisoner.

Marks, represented by the Federal Public Defender for the District of Nevada (FPD) filed a second amended habeas petition on February 28, 2018 (ECF No. 20).

On March 2, 2018, Marks filed a motion for leave of court to file certain exhibits under seal (ECF No. 24). In that motion, Marks requests leave of court to file under seal copies of materials related to his physical and mental health (Exhibits 40, 41, 44, 47, 48, 49, 5, 53, 54, 57 and 59), and a presentence investigation report (Exhibit 60). There is a strong presumption in favor of public access to judicial filings and documents. *See Nixon v. Warner Communication, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). However, the court has inherent power over its own records and files, and access may be denied where the court determines that the documents may be used for "improper purposes." *Nixon*, 435 U.S. at 598;

1

*Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995); *Kamakana*, 447 F.3d at 1179. Under Nevada law, a presentence investigation report is confidential, and is not to be made part of a public record. *See* NRS 176.156(5). And, the other documents Marks seeks to file under seal contain information regarding his physical health, mental health, and other private matters. In light of the state law, and in light of Marks' concerns regarding his privacy, the Court finds that there is good cause for these exhibits to be filed under seal. The motion for leave to file exhibits under seal will be granted.

On May 29, 2018, respondents filed a motion for extension of time (ECF No. 25), requesting a 62-day extension of time, to July 30, 2018, for their response to the second amended habeas petition. This would be the first extension of this deadline. Respondents' counsel states that the extension of time is necessary because of her obligations in other cases. The petitioner does not oppose the motion for extension of time. The Court finds that respondents' motion for extension of time is made in good faith and not solely for the purpose of delay, and that there is good cause for the extension of time requested. The Court will grant the motion for extension of time.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to File Exhibits Under Seal (ECF No. 24) is **GRANTED**. As the subject documents have already been filed under seal, no further action is necessary in this regard.

**IT IS FURTHER ORDERED** that respondents' Motion for Enlargement of Time (ECF No. 25) is **GRANTED**. Respondents will have until **July 30, 2018**, to respond to the petitioner's second amended habeas petition.

**IT IS FURTHER ORDERED** that, in all other respects, the schedule for further proceedings set forth in the order entered July 3, 2017 (ECF No. 11) will remain in effect.

DATED May 30, 2018.

JAMES C. MAHAN,
UNITED STATES DISTRICT JUDGE

2