UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN JOEY MARKS,<br><br>        Petitioner,<br><br>  v.<br><br>BRIAN WILLIAMS, *et al.*,<br><br>        Respondents. | Case No. 2:17-cv-01413-JCM-PAL<br><br>ORDER |

    This action is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by John Joey Marks, a Nevada prisoner.

    There are, before the Court, a motion to dismiss filed by the respondents, and a motion for stay filed by Marks. The Court will grant the motion for stay, and stay this action pending completion of Marks' ongoing state-court habeas litigation. The Court will deny as moot, and without prejudice, the motion to dismiss.

    Marks was convicted, on July 2, 2015, upon a guilty plea in Nevada's Eighth Judicial District Court (Clark County), of robbery with use of a deadly weapon, and he was sentenced, as a habitual criminal, to 20 years in prison with parole eligibility after 8 years. *See* Judgment of Conviction, Exh. 7 (ECF No. 8-7); Judgment of Conviction, Exh. 10 (ECF No. 8-10). Marks did not pursue a direct appeal.

    Marks initiated a state habeas action on March 30, 2016. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 14 (ECF No. 8-14). The state district court denied

that petition. *See* Findings of Fact, Conclusions of Law and Order, Exh. 26 (ECF No. 8-26). Marks appealed, and the Nevada Court of Appeals affirmed on November 18, 2016. *See* Order of Affirmance, Exh. 32 (ECF No. 8-32).

Marks then initiated this federal habeas corpus action, *pro se*, on May 16, 2017. *See* Petition for Writ of Habeas Corpus (ECF No. 4). The Court appointed counsel for Marks (*see* Order entered June 1, 2017 (ECF No. 3)), and, with counsel, Marks filed a first amended habeas petition on June 23, 2017 (ECF No. 7), and a second amended habeas petition on February 28, 2018 (ECF No. 20).

On April 13, 2018, Marks initiated a second state habeas action. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Respondents' Exh. 46 (ECF No. 30-11). Marks represents that the state district court denied that petition on August 20, 2018, and that he intends to appeal from that ruling. *See* Motion for Stay (ECF No. 36), p. 3.

On August 13, 2018, the respondents filed a motion to dismiss (ECF No. 28), contending that certain of the claims in Marks' second amended habeas petition are unexhausted in state court.

Then, on August 29, 2018, Marks filed a motion for stay (ECF No. 36). In the motion for stay, Marks concedes that, as set forth in his second amended petition and supported with evidence not presented in his first state habeas action, certain of his claims are unexhausted in state court.

On September 12, 2018, the respondents filed a notice of non-opposition to the motion for stay (ECF No. 37), in which they state:

> Respondents hereby submit this non-opposition to Marks' Motion. In light of the pending litigation in the state court, Respondents agree that it would be appropriate to stay the federal proceeding, permitting the state courts to have the first opportunity to review the merits of Marks' claims. See 28 U.S.C. § 2254(b)(1)(A) (precluding federal court from granting petition for writ of habeas corpus unless petitioner has exhausted remedies available in state court).

Notice of Non-Opposition to Motion for Stay and Abeyance (ECF No. 37), p. 1.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court circumscribed the discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> \* \* \*
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 277-78. Later, in the context of the procedural default doctrine, the Supreme Court held:

> [W]hen a State requires a prisoner to raise an ineffective assistance of trial counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984).

*Martinez v. Ryan*, 132 S.Ct. 1309, 1318 (2012). The Ninth Circuit Court of Appeals has applied *Martinez* to the showing of good cause required for exhaustion stays under *Rhines*. "[W]e hold that the *Rhines* standard for [ineffective assistance of counsel] based cause is not any more demanding than the cause standard articulated in *Martinez*." *Blake v. Baker*, 745 F.3d 977, 984 (9th Cir. 2014); *see also Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017) ("A petitioner who is without counsel in state postconviction proceedings cannot be expected to understand the technical requirements of exhaustion and should

3

1 not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel.").

Marks concedes that certain of his claims – Grounds 1, 2, 3, at least in part – are unexhausted in state court, and he states that he is currently exhausting those claims in his pending state habeas action. *See* Motion for Stay (ECF No. 36), pp. 7-9. Marks points to his lack of counsel in his first state habeas action, and to alleged intellectual disability and mental illness, as cause for his failure to previously exhaust his claims. *See id.* at 4-6. Marks presents colorable argument that the unexhausted claims are at least potentially meritorious. *See id.* at 7-9. There is no showing that Marks has engaged in intentionally dilatory litigation tactics.

The Court finds that Marks has satisfied the standard under *Rhines* for a stay of this action, and the Court will grant his motion for stay, and stay the action pending the completion of his pending state-court habeas action. The court will deny, as moot, and without prejudice, Respondents' motion to dismiss.

In reaching these conclusions, the Court takes into consideration Respondents' non-opposition to the motion for stay. *See* Notice of Non-Opposition to Motion for Stay and Abeyance (ECF No. 37). The Court also takes into consideration Marks' representations regarding the status of his state-court litigation. *See* Motion for Stay (ECF No. 36), p. 3.

The court's intention is that this will be the last time that the Court imposes a stay to facilitate Marks' exhaustion of claims in state court. Marks must exhaust all his unexhausted claims in state court during the stay imposed by this order.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Stay and Abeyance (ECF No. 36) is **GRANTED**. This action is stayed, while the petitioner exhausts, in state court, his unexhausted claims for habeas corpus relief. The Clerk of the Court shall administratively close this case.

**IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss (ECF No. 28) is **DENIED**, as moot, and without prejudice.

**IT IS FURTHER ORDERED** that following the conclusion of Petitioner's state-court action, Petitioner must, within 30 days, make a motion to lift the stay of this action.

**IT IS FURTHER ORDERED** that this action will be subject to dismissal, upon a motion by Respondents, if Petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed by this order.

DATED September 19, 2018.

_____
JAMES C. MAHAN,
UNITED STATES DISTRICT JUDGE