UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN JOEY MARKS,

    Petitioner,

v.

BRIAN WILLIAMS, *et al.*,

    Respondents.

Case No. 2:17-cv-01413-JCM-PAL

**ORDER GRANTING MOTION TO REOPEN (ECF NO. 39)**

This habeas corpus action was stayed on September 19, 2018, pending the petitioner's exhaustion of claims in state court (ECF No. 38). On September 25, 2019, the petitioner, John Joey Marks, filed a motion to lift the stay (ECF No. 39). In that motion, Marks states that the state court proceedings have concluded. Marks requests, therefore, that the stay of this action be lifted and that the Court set a schedule for further proceedings. Respondents did not respond to the motion.

Good cause appearing, the Court will grant Marks' motion to lift the stay and will set a schedule for further proceedings.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Reopen (ECF No. 39) is **GRANTED**. The stay of this action is lifted, and the action will proceed. The Clerk of the Court is directed to reopen this case.

**IT IS FURTHER ORDERED** that the following schedule will govern the further proceedings in this action:

    1.    Third Amended Petition. Petitioner will have 60 days from the date of this order to file a third amended petition for writ of habeas corpus, or a notice stating that further amendment of the petition is unnecessary.

2. Response to Petition. Respondents will have 90 days from the date of the filing of the third amended petition, or statement that further amendment is unnecessary, to file an answer or other response to the petition.

3. Reply and Response to Reply. Petitioner will have 60 days following service of an answer to file a reply. Respondents will thereafter have 30 days following service of a reply to file a response to the reply.

4. Briefing of Motion to Dismiss. If Respondents file a motion to dismiss, Petitioner will have 60 days following service of the motion to file a response to the motion. Respondents will thereafter have 30 days following service of the response to file a reply.

5. Discovery. If Petitioner wishes to move for leave to conduct discovery, Petitioner shall file such motion concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for leave to conduct discovery filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents shall file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for leave to conduct discovery.

6. Evidentiary Hearing. If Petitioner wishes to request an evidentiary hearing, Petitioner shall file a motion for an evidentiary hearing concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for an evidentiary hearing filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is necessary and must satisfy the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If Petitioner files a motion for an evidentiary

hearing, Respondents shall file a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for an evidentiary hearing.

DATED October 18, 2019.

_____
JAMES C. MAHAN,
UNITED STATES DISTRICT JUDGE