UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN JOEY MARKS,<br>    Petitioner,<br>v.<br>CALVIN JOHNSON, *et al.*,<br>    Respondents. | Case No. 2:17-cv-01413-JCM-PAL<br><br>**ORDER** |

Introduction

This habeas corpus action is brought by Nevada prisoner John Joey Marks, who is incarcerated at Nevada's High Desert State Prison. Marks is represented by appointed counsel. The respondents have filed a motion to dismiss arguing that all Marks' claims are barred by the procedural default doctrine. The Court will deny the motion to dismiss, without prejudice to Respondents asserting the procedural default defense in their answer, as is explained below.

Background

On July 2, 2015, Marks was convicted, upon a guilty plea, in Nevada's Eighth Judicial District Court, in Clark County, of robbery with use of a deadly weapon, and he was sentenced, as a habitual offender, to 20 years in prison, with minimum parole eligibility of 8 years. *See* Judgment of Conviction, Exh. 7 (ECF No. 29-7). Marks did not appeal from the judgment of conviction.

Marks filed a *pro se* state habeas petition on March 30, 2016. *See* Petition for Writ of Habeas Corpus, Exh. 14 (ECF No. 29-14). The state district court denied Marks' petition in a written order filed on August 9, 2016. *See* Findings of Fact, Conclusions of

1

Law and Order, Exh. 30 (ECF No. 29-30). Marks appealed. *See* Appellant's Opening Brief, Exh. 34 (ECF No. 29-34). The Nevada Court of Appeals affirmed the denial of Marks' petition on November 18, 2016. *See* Order of Affirmance, Exh. 40 (ECF No. 30-5). The court denied rehearing on January 27, 2017. *See* Order Denying Rehearing, Exh. 42 (ECF No. 30-7).

This Court received a *pro se* petition for writ of habeas corpus from Marks, initiating this action, on May 16, 2017. *See* Petition for Writ of Habeas Corpus (ECF No. 4). The Court granted Marks's motion for appointment of counsel and appointed counsel to represent him. *See* Order entered June 1, 2017 (ECF No. 3). With appointed counsel, Marks filed a first amended petition on June 23, 2017 (ECF No. 7), and a second amended petition on February 28, 2018 (ECF No. 20). In his second amended petition, his operative petition, Marks asserts the following grounds for habeas corpus relief:

> 1A. Marks' guilty plea was not entered into knowingly, intelligently, or voluntarily, because of his low intellectual functioning, mental illness and traumatic brain injury.
>
> 1B. Marks' guilty plea was not entered into knowingly, intelligently, or voluntarily, because his trial counsel placed undue pressure on him and coerced him into accepting the State's offer.
>
> 2. Marks was improperly sentenced as a habitual offender, because constitutionally invalid prior felony convictions were used to enhance his sentence.
>
> 3A. Marks received ineffective assistance of his trial counsel, because counsel advised him to plead guilty without a determination of his competence.
>
> 3B. Marks received ineffective assistance of his trial counsel, because counsel failed to adequately investigate his case.
>
> 3C. Marks received ineffective assistance of his trial counsel, because counsel failed to challenge the prior convictions used to enhance his sentence.
>
> 3D. Marks received ineffective assistance of his trial counsel, because counsel failed to consult with him regarding his right to appeal and failed to file a notice of appeal on his behalf.

Third Amended Petition (ECF No. 20).

On August 29, 2018, Marks filed a motion for stay (ECF No. 36), conceding that claims in his second amended petition were unexhausted in state court. Respondents did not oppose the motion for stay, and the case was stayed on September 19, 2018, pending Marks' further state-court proceedings. *See* Order entered September 19, 2018 (ECF No. 38).

Meanwhile, on April 13, 2018, Marks initiated a second state habeas action. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 46 (ECF No. 30-11). The state district court denied the petition in a written order filed on September 17, 2018. *See* Findings of Fact, Conclusions of Law and Order, Exh. 66 (ECF No. 53-3). The Nevada Court of Appeals affirmed on July 30, 2019, ruling that Marks' petition was procedurally barred. *See* Order of Affirmance, Exh. 62 (ECF No. 40-2).

The stay of this action was lifted on October 18, 2019. *See* Order entered October 18, 2019 (ECF No. 41). Marks gave notice that further amendment of his petition was unnecessary (ECF No. 42). On July 17, 2020, Respondents filed the motion to dismiss that is now before the Court (ECF No. 52), contending that all Marks' claims are barred by the procedural default doctrine. Marks filed an opposition to the motion on October 29, 2020 (ECF No. 56). Respondents replied on January 11, 2021 (ECF No. 61).

Discussion

In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only

3

if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982).

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause, to overcome the procedural default of a claim of ineffective assistance of trial counsel. In *Martinez*, the Supreme Court noted that it had previously held, in *Coleman*, that "an attorney's negligence in a postconviction proceeding does not establish cause" to excuse a procedural default. *Martinez*, 566 U.S. at 15. In *Martinez*, however, the Supreme Court established an equitable exception to that rule, holding that the absence or ineffective assistance of counsel at an initial-review collateral proceeding may establish cause to excuse a petitioner's procedural default of substantial claims of ineffective assistance of trial counsel. *See Martinez*, 566 U.S. at 9. The Court described "initial-review collateral proceedings" as "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Id.* at 8.

In this case, it appears undisputed that Marks did not raise, in his first state habeas action, any of the claims that he asserts in his second amended petition in this case, that all his claims were ruled procedurally barred in his second state habeas

action, and that, therefore, all his claims are potentially subject to denial in this case under the procedural default doctrine. Marks, though, argues that he can show cause and prejudice to overcome the procedural defaults. Marks argues that there is cause and prejudice as to all his claims on account of his intellectual disability, which, according to Marks, rendered him unable to comply with State procedural requirements. *See* Opposition to Motion to Dismiss (ECF No. 56), pp. 2–6. In addition, with respect to his claims of ineffective assistance of trial counsel, Marks argues that there is cause and prejudice under *Martinez* because he did not have counsel in his first state habeas action. *See id.* at 6–11.

The Court determines that the issues raised by Respondents' motion to dismiss are intertwined with the merits of Marks' claims, such that the question of the potential procedural defaults will be better considered in conjunction with the merits of the claims, after Respondents file an answer, and Marks files a reply. The Court will, therefore, deny the motion to dismiss without prejudice to Respondents asserting procedural default as a defense to Marks' claims in their answer. Respondents' answer should address both the question of procedural default and the merits of each of Marks' claims.

**IT IS THEREFORE ORDERED** that Respondents' Amended Motion to Dismiss (ECF No. 52) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents will have 90 days from the date of this order to file an answer, responding to all the claims in Petitioner's Second Amended Petition for Writ of Habeas Corpus (ECF No. 20). In all other respects, the schedule for further proceedings set forth in the Order entered October 18, 2019 (ECF No. 41) will remain in effect.

///

///

///

///

///

5

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of the Court is directed to substitute Calvin Johnson for Brian Williams, on the docket for this case, as the respondent warden.

DATED January 22, 2021.

                                             _____
                                             JAMES C. MAHAN,
                                             UNITED STATES DISTRICT JUDGE